PER CURIAM.
AFFIRMED. In these post-conviction proceedings the trial court granted appellant an evidentiary hearing on a claim that his counsel was ineffective in failing to properly advise him concerning his right to testify on his own behalf. We find no error by the trial court in denying appellant’s claim on this issue, since the record is replete with evidence that the appellant was properly advised. While there is argument on appeal as to other alleged errors by counsel, we see no record indication that these alleged errors were properly asserted as claims in the motion for post-conviction relief. Accordingly, we affirm the trial court’s disposition.
We also affirm the trial court’s denial of appellant’s claim of prosecutorial vindictiveness based upon appellant’s sentence of life imprisonment under the habitual offender statute compared to the light sentences received by his codefendants who struck plea bargains with the state. The appellant refused a pretrial plea offer from the state. The appellant has simply failed to allege any factual basis to state a claim for prosecutorial vindictiveness. We note that the trial court did express concern for the apparent harshness of the sentence, a harshness conceded by the state in its brief. The trial court also noted that the appellant may have had the benefit of the decision in Whitehead v. State, 498 So.2d 863 (Fla.1986) had it been properly raised, since Whitehead was decided just one month after appellant was sentenced. However, no such claim was asserted by appellant below. Our affirmance on this issue is without prejudice to appellant’s right to claim by habeas corpus relief appellate counsel’s failure to raise the Whitehead issue in appellant’s prior appeal.
Accordingly, based upon the above discussion we affirm.
ANSTEAD and WARNER JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.